**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERT JAY PALIOTTA, | No. 12-15450 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00121-ECR-WGC |
| v. | |
| ELDON K. McDANIEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr. District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Gilbert Jay Paliotta, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Paliotta's claim that his due process rights were violated in a prison disciplinary hearing because, even assuming that there was a protected liberty interest at stake, Paliotta failed to raise a genuine dispute of material fact as to whether prison officials afforded him all of the process that he was due. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements in prison disciplinary proceedings that implicate a liberty interest and explaining that prison authorities have discretion not to call witnesses, "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases"); *see also Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (explaining that if state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court properly granted summary judgment with respect to Paliotta's due process claim based on defendants' denial of Paliotta's

administrative grievances because prisoners do not have a liberty interest in a particular grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Paliotta's contentions that the district court should have allowed discovery prior to ruling on the summary judgment motion, that the Nevada Attorney General provided a false address for the service of process, and that the district court erred by not allowing Paliotta to pursue an equal protection claim are unpersuasive and not supported by the record.

**AFFIRMED.**